EUGENE M. LONSDALE, SR. and PATSY R. LONSDALE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lonsdale v. Commissioner
Docket No. 9240-79
United States Tax Court
T.C. Memo 1981-122; 1981 Tax Ct. Memo LEXIS 621; 41 T.C.M. (CCH) 1106; T.C.M. (RIA) 81122; March 17, 1981. Eugene M. Lonsdale, Sr., pro se. Douglas R. Fortney, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION Hall, Judge: Respondent determined deficiencies in petitioners' 1976 and 1977 income tax of $ 1,845.95 and $ 2,495, respectively. The issues for decision are: (1) whether petitioners *622 are entitled to itemized deductions and employee business expenses in excess of the amounts conceded by respondent; and (2) whether petitioners' various constitutional assertions are meritorious. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Eugene M. Lonsdale, Sr. (hereinafter "petitioner") and Patsy R. Lonsdale, [1] husband and wife, resided in Farwell, Texas, at the time they filed their petition. During 1976 and 1977 petitioner worked as a brakeman on the Atchison, Topeka and Santa Fe Railroad. Petitioner also worked as the Parmer County Chairman for the American Independent Party ("A.I.P.") during this period. The A.I.P. is a political party. Petitioner incurred itemized expenses and business expenses in 1976 and 1977 as follows (and respondent so concedes): 1976
1977
Lodging and meals [2]
$ 1,203.01
$ 1,105.86
Safety shoes ni
80.00
80.00
Automobile [2]
43.65
46.92
Telephone [3]
66.00
66.00
Union dues
234.00
252.00
Charitable contributions
0
33.71
Interest
2,302.87
1,884.59
Taxes
240.67
69.38
Drugs
18.90
187.50
Medical and dental expenses
374.74
1,039.33
*623 In 1976 and 1977 petitioner paid $ 3,643.22 and $ 3,930, respectively, for printing costs. These costs were spent for materials which petitioner distributed on behalf of A.I.P. and for materials which he distributed with the A.I.P. materials. Petitioner deducted approximately 40 percent of these printing costs as charitable contributions. In 1976 and 1977 petitioner also deducted as business expenses costs allegedly incurred in connection with his traveling on behalf of A.I.P. On their 1976 tax return, petitioners claimed business expense deductions of $ 3,238 and itemized deductions of $ 6,458.77. In his notice of deficiency respondent disallowed all these deductions and instead allowed petitioners a standard deduction. On their 1977 tax return, petitioners claimed business expense deductions *624 of $ 3,952 and itemized deductions of $ 4,908.88. In his notice of deficiency respondent again disallowed all such deductions. In the stipulation of facts, at trial and on brief respondent conceded that petitioners were entitled to the deductions set forth above. OPINION The issues remaining for decision are: (1) whether petitioner is entitled to business expense deductions and itemized deductions in excess of the amounts conceded by respondent; and (2) whether petitioner's various constitutional assertions are meritorious. The first issue is whether the costs petitioner incurred in printing materials to be distributed with the A.I.P. materials or on behalf of the A.I.P. are deductible charitable contributions. Section 170(a) [4] allows as a deduction any charitable contribution paid within the taxable year. Section 170(c) defines a charitable contribution as a gift to or for the use of certain types of organizations or entities. A.I.P. is a political party, not a charity or other qualifying organization. Contributions to political parties are not deductible under section 170. Cavell v. Commissioner,T.C. Memo. 1980-516 (1980). *625 Petitioner asserts, however, that he is entitled to deduct the printing costs because the materials were religious and not political in nature. Petitioner's own testimony refutes this contention. Petitioner testified that the "religious" materials he had printed and distributed were exactly the same as some of the A.I.P. materials that he distributed except that the "religious" materials did not bear A.I.P.'s name or logo. However, petitioner is entitled to a $ 50 credit for political contributions to the A.I.P. for each of 1976 and 1977. Section 41. The next issue is whether petitioner is entitled to any business expense deductions (including costs incurred in connection with traveling for A.I.P.) or other itemized deductions in excess of the amounts conceded by respondent. These issues are factual, and the burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner did not present any evidence which would support any deductions in excess of the amounts conceded by respondent. The final issue is whether petitioner's various constitutional contentions have any merit. The *626 multitude of constitutional and statutory arguments and affirmative defenses advanced by petitioners are frivolous and without merit. All such contentions have been fully considered by this and other courts, and decided adversely to the taxpayers. [5] We see no reason to reiterate the well established principles of those cases. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Patsy R. Lonsdale is a petitioner solely by virtue of having filed a joint return with her husband.↩
2. These expenses were incurred by petitioner in connection with his employment as a brakeman and are employee business expenses. ↩
3. Petitioner's employment as a brakemen required him to be on call which, in turn, required him to have a telephone. Petitioner's family also used the telephone. The $ 66 represents a reasonable value of petitioner's business use of the telephone.↩
4. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
5. See the cases cited in Bowser v. Commissioner,T.C. Memo. 1980-483 (1980); Hergott v. Commissioner,T.C. Memo. 1980-283 (1980); Brobeck v. Commissioner,T.C. Memo. 1980-239↩ (1980).