### Robin L. BAKER, Plaintiff,

v.

### Timothy A. TOWNS, Defendant.

#### Civ. No. 93–C–390B.

United States District Court,
D. Utah, C.D.

Nov. 10, 1993.

Robin L. Baker, Midvale, UT, for plaintiff.

Timothy A. Towns, Washington, DC, for defendant.

### MEMORANDUM DECISION
### AND ORDER

BENSON, District Judge.

Before the court is defendant's Motion to Dismiss. The Internal Revenue Service filed a "Notice of Levy of Wages, Salary, and Other Income" with plaintiff's employer in an effort to collect plaintiff's unpaid income taxes for 1987 and 1988. Plaintiff filed this suit against Timothy A. Towns, the IRS representative who signed plaintiff's Notice of Levy, to challenge the Internal Revenue Service's actions.[1]

Plaintiff appears to allege that defendant, and in effect the United States government, does not have the authority to impose taxes on him. In a letter directed to defendant, and attached to plaintiff's complaint as an

---

1. Plaintiff filed his action in State court; defendant had the case removed to federal court.

exhibit, plaintiff asserts that the United States does not have the authority to levy his wages because he is not an officer, employee, or elected official of the United States as required under 26 U.S.C. § 6331(a). Plaintiff seeks a declaratory judgment that defendant does not have the authority to impose a levy on his wages.

Defendant has filed a Motion to Dismiss. Subsequent to defendant's filing of the Motion to Dismiss, plaintiff filed a "Request for Summary Judgment." Defendant responded by filing a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. Because plaintiff's "Request for Summary Judgment" does not conform to the provisions of Local Rules 202(a) and (b), and plaintiff's brief essentially responds to defendant's Motion to Dismiss, the court will consider plaintiff's brief as a Memorandum in Opposition to Defendant's Motion to Dismiss. In addition, the court will consider Defendant's Memorandum in Opposition as a Reply Memorandum to defendant's Motion to Dismiss.

■ In his Motion to Dismiss, defendant asserts there is no subject-matter jurisdiction for plaintiff's claim, and plaintiff's suit is wholly without merit. As support for his argument that the court lacks subject-matter jurisdiction, defendant cites the Anti–Injunction Act, 26 U.S.C. section 7421, which provides: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained by any person, whether or not such person is the person against whom such tax was assessed."[2] *Id.* Defendant recognizes that there is a judicial exception to the Anti–Injunction Act that permits an injunction in cases where the taxpayer demonstrates that: 1) there are no circumstances under which the government could establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur. *See Bob Jones University v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). However, defendant correctly asserts that because plaintiff has not made such allegations, and cannot demonstrate

that the United States could not prevail, this judicial exception is not available to him.

■ Another argument defendant addresses in his motion is plaintiff's assertion that he was not subject to a levy because 26 U.S.C. section 6331(a) applies only to government employees. Defendant correctly asserts that 26 U.S.C. section 6331(d)(1), which provides that "[l]evy may be made under subsection (a) upon the salary or wages or other property of *any* person with respect to any unpaid tax....," expressly authorizes the United States to take the action that plaintiff contests. Accordingly, plaintiff's argument on this point is without merit.

The Tenth Circuit Court of Appeals considered and summarily rejected a claim similar to plaintiff's in *Lonsdale v. United States,* 919 F.2d 1440 (10th Cir.1990). In *Lonsdale,* the plaintiffs sought to prevent I.R.S. levies from being placed on their wages and a credit union account. One of the arguments the *Lonsdale* plaintiffs asserted was that the I.R.S. has no power to impose levies. The Tenth Circuit rejected plaintiffs' arguments, noting:

> The Lonsdales' complaint states that it seeks injunctive and declaratory relief as well as a refund of amounts collected pursuant to the levies in question. But their complaint is essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments. That challenge violates the Anti–Injunction Act on its face. The ways to challenge assessments and collections are set forth above. This suit is not one of them.

*Id.* at 1442.

Plaintiff's complaint is meritless. 26 U.S.C. section 6331(d)(1) authorizes the federal government to impose a levy to collect plaintiff's unpaid taxes. Accordingly, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

---

**2.** Section 7421 contains a number of exceptions to this general rule, none of which apply in the instant case.