35 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
WAG-AERO, INCORPORATED, A Wisconsin corporation, Plaintiff-Appellant,
v.
UNITED STATES of America, Carol B. Hallett, Commissioner,
United States Customs Service, Robert A. Becker,
Special Agent, United States Customs
Service, et al., Defendants-Appellees.
 No. 93-4028.
 United States Court of Appeals, Seventh Circuit.
 Argued May 17, 1994.
Decided Sept. 7, 1994.
Rehearing Denied Oct. 5, 1994.
 
 Before POSNER, Chief Judge, and HILL* and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant, Wag-Aero, Inc. ("Wag-Aero") alleges that customs agents executed a search of its premises supported by a warrant containing deliberately false statements. During the search, Wag-Aero claims, the agents went well beyond the scope of the defective warrant, indiscriminately seizing its property, documents and computer records. Furthermore, the government, according to the complaint, has arrogantly refused, without any justification, to return some of these items.
 
 
 2
 Wag-Aero also alleges that the Federal Aviation Administration ("FAA") circulated a questionnaire to Wag-Aero's customers that contained false and misleading representations regarding the airworthiness, safety and reliability of aircraft parts these customers had purchased from Wag-Aero.[1] The district court dismissed Wag-Aero's complaint for failure to state a claim.
 
 
 3
 Because the allegations of Wag-Aero's complaint raise such an alarming specter of government misconduct, with government agents running amok, trampling over Wag-Aero's property and its constitutional rights in a wholly arbitrary and capricious effort to destroy its business, we approached their dismissal for failure to state a claim with more than a little skepticism.
 
 
 4
 Our own review of the complaint, however, including not only the surface allegations but also the attachments,[2] reveals that Wag-Aero can prove no set of facts which would entitle it to relief on these allegations. Therefore, we affirm the dismissal.
 
 I. Standard of Review
 
 5
 We review the grant of a motion to dismiss de novo, assuming the truth of all well-pleaded factual allegations and making all possible inferences in favor of the plaintiff. Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991). A motion to dismiss under Federal Rule of Civil Procedure 12(b) may be granted only if it appears from the allegations of the complaint and the attached exhibits that the plaintiff can prove no set of facts which would entitle it to relief. Beam v. IPCO Corporation, 838 F.2d 242, 244 (7th Cir.1988). Nevertheless, the absence of facts sufficient to support plaintiff's legal claims renders the allegations mere legal conclusions subject to dismissal under Rule 12(b). Strauss v. Chicago, 760 F.2d 765, 767-68 (7th Cir.1985).
 
 II. Background
 
 6
 Wag-Aero sells aircraft parts by mail order. In 1992, agents of the Department of Transportation and the Customs Service[3] were investigating certain aircraft parts Wag-Aero had imported and sold. As part of that investigation, they obtained a warrant and executed a search of Wag-Aero's premises. They seized aircraft parts, business documents--including customer lists--and computer records. Later in 1992, the FAA sent a questionnaire to Wag-Aero's customers that stated in part:
 
 
 7
 Your cooperation is requested in an airworthiness review being conducted by the FAA under authority of FAR 91.417. Our records indicate that you have purchased aircraft parts in the past from Wag-Aero, Inc. of Lyons, Wisconsin. Your purchase included a part with the above listed Wag-Aero catalog part number. Please complete the following questionnaire, and return it WITHIN TEN DAYS in the enclosed postage-paid envelope to the FAA.
 
 
 8
 * * *
 
 
 9
 It is important that you respond promptly to this questionnaire. Please attach additional sheets of paper if necessary. However, these questions are not meant to imply that there is any defect in the Wag-Aero part(s) you may have in your possession.
 
 
 10
 The recipients were then asked several questions regarding their understanding of the FAA-approval status of the parts they had purchased from Wag-Aero.
 
 III. The Search and Seizure
 
 11
 The search warrant was supported by a lengthy affidavit sworn to by Robert Becker, Special Agent, U.S. Customs Service. In the affidavit, Agent Becker set forth evidence supporting his belief that Wag-Aero had falsely certified to the Customs Service that certain aircraft parts it was importing were FAA-approved, a violation of 18 U.S.C. Sec. 542, which prohibits the introduction of imported merchandise into the United States by means of any false statement or false or fraudulent practice, regardless of whether the false statements result in the underpayment of duty.
 
 
 12
 Wag-Aero alleges the affidavit contains Agent Becker's knowing or reckless false statement that the "only reason" for Wag-Aero to submit the duty-free forms to the Customs Service was to assert falsely that the parts were FAA-approved. Wag-Aero offers a novel and attenuated theory as to why it was entitled to claim FAA approval of parts which had not been formally FAA approved, and claims that Agent Becker either knew or should have known of this alternate route to FAA approval.[4] Therefore, it argues, his statements in the affidavit were knowingly or recklessly false.
 
 
 13
 Even if Wag-Aero's theory of FAA approval for its imported parts were credible, Agent Becker's failure to lend it credence in his affidavit does not render the warrant defective. A warrant may be valid even if it contains demonstrably false statements so long as they are not necessary to the finding of probable cause. Franks v. Delaware, 438 U.S. 154 (1978). Perlman v. Chicago, 801 F.2d 262, 264-65 (7th Cir.1986), cert. denied, 480 U.S. 906 (1987). Furthermore, "[e]ven deliberately inaccurate representations do not invalidate a warrant if the truthful statements establish probable cause." United States v. Ferra, 948 F.2d 352, 353 (7th Cir.1991), cert. denied, 112 S.Ct. 1939 (1992).
 
 
 14
 We have previously held that "where a search warrant is challenged on the basis of alleged falsities contained in the affidavit, the appropriate procedure for the district court to follow is to review the affidavit without the challenged portions to determine whether the unchallenged portion by itself establishes probable cause for the warrant to issue." United States v. Muhammad, 928 F.2d 1461, 1464 (7th Cir.1991). In this case, Agent Becker's thirty-page affidavit contained more than enough unrelated, detailed and comprehensive facts concerning evidence of wrongdoing he believed would be found on Wag-Aero's premises to support the warrant. Even assuming that Agent Becker intentionally or recklessly included the false statement Wag-Aero alleges in his affidavit, we conclude that the remaining allegations provide more than enough probable cause to support the warrant issued in this case.
 
 
 15
 Furthermore, the warrant itself was adequately particular. It listed the items to be seized and these items were related to the wrongdoing alleged in the affidavit. The search warrant and inventory of items seized attached to the complaint on their face reveal that Wag-Aero has not identified any items seized by defendants that were not listed in the warrant.
 
 
 16
 Wag-Aero's claim that the government has arbitrarily refused to return its property is, also on its face, without merit. Wag-Aero admits that at the trial court's hearing on the motion to dismiss, the United States agreed to return all property seized, except for representative samples for the government's use in the criminal investigation. Wag-Aero points to no single item seized by the government which either hasn't already been returned, or copies of which haven't been supplied to it. This claim, therefore, must be dismissed.[5]
 
 IV. The Due Process Claims
 
 17
 Wag-Aero alleges that the government's investigation violated the Fifth Amendment by "depriving it of its property interest in its goodwill, its ongoing business enterprise, including the profits derived therefrom, and its business relationships with its customers, without due process of law."
 
 
 18
 Even if Wag-Aero's theory that its "business goodwill" is a constitutionally protected property right were supported by the prevailing law in this circuit, cf. Goulding v. Feinglass, 811 F.2d 1099 (7th Cir.), cert. denied, 482 U.S. 929 (1987), Wag-Aero's allegations of property deprivation do not rise to a level of constitutional magnitude. Cf. Easter House v. Felder, 910 F.2d 1387, 1407 (7th Cir.1990), cert. denied, 498 U.S. 1067 (1991). The Fifth Amendment does not require a hearing before the government investigates suspected criminal wrongdoing, asking questions of persons who know the facts. Nor was the government conduct here so utterly unreasonable or lacking in rational basis that it shocks our conscience or flies in the face of our society's standards of decency. See Wroblewski v. Washburn, 965 F.2d 452, 458 (7th Cir.1992). These allegations, on their face, do not state a claim entitling Wag-Aero to damages.[6]
 
 V. Conclusion
 
 19
 What appeared on the horizon as a dreadnought, turned out on close inspection to be but an unseaworthy pram. The district court's survey correctly decided that it won't float, and its judgement is
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable James C. Hill, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 [1]
 Wag-Aero also charges that the FAA's circulation of the questionnaire violated the Paperwork Reduction Act, but it has no standing under the Act to bring this claim. See Palmer v. Chicago, 755 F.2d 560, 570-71 (7th Cir.1985). Additionally, the questionnaire at issue is not covered by the Act. See Lonsdale v. United States, 919 F.2d 1440, 1444-45 (10th Cir.1990)
 
 
 [2]
 Wag-Aero attached the following exhibits to its Amended Complaint: Search Warrant, Application and Affidavit for Search Warrant, Search Warrant with evidence log attached, and Federal Aviation Administration Questionnaire
 
 
 [3]
 The Customs Service has the duty of investigating the fraudulent entry of imported merchandise into the United States. The Department of Transportation has the duty of investigating the introduction of unapproved aircraft parts into the civilian aviation market. Approval, vel non, of such parts has an effect upon the customs obligations of the importer
 
 
 [4]
 In fact, Agent Becker's affidavit, attached to the complaint, does set forth Wag-Aero's position that FAA "acceptance" of a part over time is tantamount to approval. Furthermore, the statement in the affidavit which Wag-Aero alleges to be false was actually made by a customs import specialist. Becker's inclusion of it in the affidavit, however, implicitly adopts it
 
 
 [5]
 While this Court has jurisdiction to review Wag-Aero's claim for return of property prior to indictment, Rule 41 no longer provides for the grant of a preindictment suppression order. Therefore, Wag-Aero's claim for this form of relief must also fail
 
 
 [6]
 Wag-Aero's demand for declaratory and injunctive relief on the due process claims will also be dismissed since there is no constitutional violation