**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODGER E. MATHIS; JEANETTE
MATHIS,

       Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

       Defendant - Appellee.

No. 02-8070
(D.C. No. 02-CV-55-B)
(D. Wyoming)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **BALDOCK**, Circuit Judges.

     This is a pro se appeal from the district court's order denying the petition

of Rodger E. and Jeanette D. Mathis to vacate a judgment in favor of the United

States and to remand the case to state court. We exercise jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*] At the parties' request, the case is unanimously ordered submitted without oral
argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order
and judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

After IRS employees filed two federal tax liens on behalf of the United States against Rodger and Jeanette Mathis in the Crook County, Wyoming, clerk's office, the Mathises filed an action in Wyoming state court. The complaint challenged (1) the "scope of authority of the 'Lienor'"; (2) whether the persons signing the federal liens had authority to sign the liens; (3) the legality of the underlying tax assessments; (4) the validity of the liens; (5) the legal effect of the tax liens; (6) whether the liens should be "canceled of record"; (7) and whether a writ of execution should issue against the lienor under Florida law. (1 R. Doc. 2 at 2.) Also in the complaint is a "criminal portion" asking the court to determine (1) whether the lienor committed fraud by filing the lien; (2) the "identity of the participants in and extent of such fraud"; (3) whether the lienor is subject to prosecution; (4) whether subpoenas or arrest warrants should be issued for criminal prosecution; (5) whether a writ of "quo warranto" was necessary to complete the prosecution, and (6) for prosecution of the "crimes." (1 id. at 3.)

Defendant timely removed the case to federal district court, and a motion to remand back to state court was denied. Following a determination that the United States was the proper defendant, the district court dismissed the complaint for lack of subject matter jurisdiction on the basis of sovereign immunity. In its order, the court thoroughly analyzed why the Mathises did not have a cognizable claim, explaining that the Mathises could challenge the federal tax liens only

through the statutorily-prescribed administrative and judicial avenues.  (2 id. Doc. 37.)

On appeal, the Mathises advance no cogent reason or legal authority supporting reversal.  Instead, they present to us a petition giving the court "notice" that any assumption or presumption of their involuntary use of "federal reserve notes," the "commercial banking system" or the "bankruptcy of the United States" had been rejected, as was any assumption that they are taxpayers, citizens or residents of either the state of Wyoming or the United States.  (Pet. for Declaratory Relief at 1.)  What really appellants seek of us is unclear, and they appear to request:

> specific citations of law enacted by the United States Congress which imposed an income tax upon the Petitioners and the Petitioners [sic] property . . . [,] establish[ed] the scope of office and authority of the Lienor/s to impose and collect a tax from the Petitioners, . . . [and] the specific contract . . . entered into by the Petitioners that waived their status as sovereigns . . . and subjected them to the "lienor's" . . . authority and to the rules . . . of the United States Department of Treasury's Internal Revenue Service.

(Id. at 6–7.)  Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990), and Crain v. Comm'r, 737 F.2d 1417, 1417 (5th Cir. 1984), compel dismissal.

We have carefully reviewed the record, the parties' briefs, and the applicable law.  For substantially the same reasons stated by the district court in

its June 25, 2002, order, the judgment is **AFFIRMED**.  The "Petition for

Declaratory Relief" is **DENIED**.

The mandate shall issue forthwith.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge