**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS CARROLL ROSSON and
TERRY ROXANNE ROSSON,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 04-1423

District of Colorado

(D.C. No. 03-N-2294 (CBS))

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

On November 17, 2003, Thomas C. Rosson and Terry R. Rosson filed a

complaint in the United States District Court for the District of Colorado seeking

(1) a refund of income taxes for their 1997, 1998, 1999, and 2000 tax years; (2) to

enjoin the United States from collecting any taxes from them in the future; and

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(3) damages pursuant to I.R.C. § 7433 relating to collection of their taxes. The district court dismissed their claims for lack of subject-matter jurisdiction, also finding that they had failed to state a claim upon which relief could be granted. Mr. and Mrs. Rosson appealed to this Court. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

## I. Statement of Facts

In April 2002, the Rossons filed a federal income tax form for the year 2000 in which they reported zeros on all lines of the form calling for reporting of income and deductions, and requested a refund of $1,500 of tax that they claimed to have paid. R. Doc. 7, Ex. E. Attached to the tax form was a statement by the Rossons asserting their belief that "no section of the Internal Revenue Code . . . [e]stablishes an income tax liability" or "provides that income taxes have to be paid on the basis of a return" or includes "wages or salaries or compensation for personal services" as income. *Id.* (internal quotations omitted). They stated that their previous compliance with the Internal Revenue Code was based upon "suspect information" and, after "stud[ying] the vast amount of information available," they had come to the conclusion that they did not have any "'income' tax liability." *Id.* After coming to this conclusion, the Rossons fired their accountant. *Id.*

At the same time, the Rossons filed amended tax returns for their 1997,

1998, and 1999 tax years in which they similarly reported zeros on all lines and requested that the taxes paid for those years be refunded in the amount of $43,977.  R. Doc. 18 at 2.

On November 17, 2003, the Rossons filed a complaint in the district court in which they sought 1) refund of the $43,977; (2) an injunction against the collection of taxes by the United States in future years; and (3) damages in the amount of $400,000.  In their complaint, they asserted, inter alia, that they had recently learned that "the People occupy a status of Sovereign, superior to and Creator of all artificial government entities."  R. Doc. 1 at 3.  The Rossons claimed that they were a "Sovereign Creator of government" and that the Internal Revenue Code was "not law of the land."  *Id*. at 1-2.  The government filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief could be granted.  R. Doc. 7.

The matter was referred to a magistrate judge, who filed a report in which he recommended that the court dismiss the complaint.  R. Doc. 3, 18.  The district court adopted the magistrate judge's report and dismissed the Rossons' complaint for lack of jurisdiction and for failing to state a claim, also noting that the Rossons' contentions "consist[ed] of undecipherable mish-mash concerning the federal tax laws."  R. Doc. 35 at 1.

## II.  Taxpayers' Claim on Appeal

The district court's description of the appellants' complaint also aptly describes their claims on appeal.  Among varied claims and demands, including a request that this Court relieve from "duty" the author of Section 61 of the Internal Revenue Code, the Rossons only tangentially address the issue of subject-matter jurisdiction.  However, "we liberally construe [the] brief[s]" of pro se litigants. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).  Based upon the Rossons' discussion of jurisdiction under heading five of the appeal, we construe the appeal as a claim, albeit without benefit of supporting legal authority, that the district court did have jurisdiction.

## III. Analysis

The district court's dismissal of a taxpayers' claim for lack of subject-matter jurisdiction is subject to de novo review.  *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).  Waivers of sovereign immunity must be unequivocal and are to be strictly construed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  When the United States is a defendant in an action by a taxpayer, the taxpayer has the burden of showing an explicit waiver of sovereign immunity as a

prerequisite to federal court jurisdiction. *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). The United States has conditionally waived sovereign immunity for tax refund suits where the taxpayer first seeks administrative remedies from the IRS. "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary." 26 U.S.C. § 7422(a). The taxpayer may initiate a suit six months after filing for administrative remedies or after the Secretary renders a decision. *See* 26 U.S.C § 6532(a)(1). Here, the Rossons have failed to allege that they sought administrative relief, which would be necessary to establish a waiver of sovereign immunity. Since there was no waiver of immunity, the Rossons' claim for a refund was properly dismissed for lack of subject-matter jurisdiction.

The Rossons also seek injunctive relief to prevent the IRS from collecting taxes from them in the future. The Anti-Injunction Act prohibits suits to restrain the assessment or collection of taxes. "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). The Rossons do not allege that any statutory or judicial exception to the rule applies. Therefore, this claim was also properly dismissed.

Finally, the Rossons seek damages in the amount of $400,000 ($100,000 for each year they paid taxes without, they allege, any obligation to do so). They assert that these damages would serve to "get [the] attention" of the IRS and "change the abusive and intimidating manner in which they conduct business for this great nation." Appellants' Br. at 7. A civil action against the United States under 26 U.S.C. § 7433 provides the exclusive remedy for recovery of damages. 26 U.S.C. § 7433(a). This statute states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States . . . Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

The exception in § 7432 (relating to damages for failing to release a tax lien) does not apply here. The Rossons have not alleged any violation of the Revenue Code or Regulations. Neither have they alleged they have exhausted their administrative remedies. Therefore, this claim was properly dismissed.

For the foregoing reasons, the judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge