961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harvey B. ANNIS, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE OF THE UNITED STATES; Robert Ford;
Conrad Clapper and Other Unknown Agents,
Defendants-Appellees.
 No. 91-8062.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Harvey B. Annis appeals the dismissal of his complaint filed against the Internal Revenue Service and various Internal Revenue officers. The complaint, first filed in state court, arises from seizure by the Internal Revenue Service of certain property to satisfy assessed federal tax liabilities, and the imposition of various liens on property by the Internal Revenue Service for the same purpose. The following issues are set forth in Annis's Brief on Appeal:
 
 
 3
 1. When an issue of law has not been herd [sic].
 
 
 4
 2. When Appellant was not informed that he had a right to file a motion to dismiss the Appellees motion of dismissal.
 
 
 5
 3. When the issue of status of Appellant has not been determined to whether the District Court had jurisdiction when setting in a colorable administrative status to make any ruling whatsoever in a case brought at common law to be herd [sic] in an Artical [sic] 3 jurisdiction court.
 
 
 6
 4. When the position of Appellees defense rests on a colorable instrument having the suppose[ ] implied consent of Appellant who has no knowledge of or given consent to any unknown device of supposed obligation.
 
 
 7
 5. When Appellee[ ] use a form of words and phrases foreign, secretive and unknown to Appellant and that is not in harmony with the common usage of the language and not the standard usage and meaning taught in the public school, can have any obligation on the Appellant.
 
 
 8
 Issue number 1, above, is based on Annis's contention that he is not a citizen of the United States and, therefore, the district court had no jurisdiction to consider and dismiss his complaint. We have previously made it clear that such an argument is frivolous. Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.1990). Issue number 2 asserts a nonexistent duty on the part of the district court to instruct Annis in the rules of civil procedure; and, in any event, to the extent Annis desires to challenge the government's motion to dismiss, he is doing so on appeal, and we reject that challenge. Issue number 3 is a restatement of issue number 1. Issue number 4 is unclear. Annis refers to the issue briefly at page 8 of his opening brief as follows: "Appellee[s] lack a grand of authority authorizing Appellee to make a legal determination upon Appellant. Appellees do not have any valid agreement signed knowingly, voluntarily and intentionally by both Appellant and Appellee." The Internal Revenue Service does not need such an agreement in order to levy upon property and seize property for the payment of taxes which have properly been determined to be due. To the extent Annis is challenging such authority of the Internal Revenue Service, we have laid arguments on that subject to rest in Lonsdale v. United States, 919 F.2d at 1448. Issue number 5 apparently suggests that Annis is not sufficiently literate to understand the legal arguments mounted by the government, and expounded upon by the district court, in response to the complaint which Annis himself filed. The contention raises no issue of law which can be considered by this court.
 
 
 9
 Finally, Annis, in the body of his brief, challenges the district court's refusal to recuse on the ground of prejudice. Nothing in the file suggests that the district court's denial of Annis's motion to recuse was improper. Additional and miscellaneous comments and arguments made by Annis in his brief--to the extent they attempt to raise a legal issue--are without merit. For the reasons stated above, and substantially on the grounds and for the reasons stated in the district court's "Order Dismissing Case" filed September 18, 1991, we AFFIRM the district court's judgment of dismissal.
 
 
 10
 The government seeks sanctions against Annis for filing a frivolous appeal. Since Annis is appearing pro se, and does not have a history of appeals in this court in which he has attempted to raise the same issues, we decline to to impose sanctions. However, should Mr. Annis attempt to raise these issues--which have now been fully adjudicated--again, sanctions would be proper.
 
 
 11
 AFFIRMED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 13
 ---------------
 
 
 
 * This order and judgment has no precendential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.