53 F.3d 343
 75 A.F.T.R.2d 95-2217
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda SANDERS, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 94-1501.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Linda Sanders, proceeding pro se, brought this motion for declaratory judgment against the Commissioner of Internal Revenue seeking confirmation of her interpretation of three provisions of the Internal Revenue Code. The district court granted defendant's motion to dismiss, ruling that it was without subject matter jurisdiction and alternatively that plaintiff's claims are frivolous. We affirm.
 
 
 3
 Plaintiff invoked the district court's jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 2201, and moved the court for a declaratory judgment stating:
 
 
 4
 a) Section 6201 of the IRC can lawfully be applied to only those taxes collected by "stamp" and excise tax, such as that laid upon licensed activities dealing in alcohol, tobacco and firearms;
 
 
 5
 b) Section 6331 of the IRC permits distraint upon 'officers, employees and elected officials of the United States' pursuant to the originating acts intention, which was not to include private laborer as in the year 1864;
 
 
 6
 c) Section 61A of the IRC has been interpreted by the Supreme Court to mean that income is only that which is derived from a source, but not the source itself, and that labor itself is not that which is taxable, but only that money which is acquired through investment of that source (labor), not the labor/wages itself, and for such other relief as this court deems just and proper.
 
 
 7
 Rec., vol. I, doc. 3 at 6.
 
 
 8
 "The United States may not be sued without its consent. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be intended beyond the explicit language of the statute.... A waiver of sovereign immunity cannot be implied, but must be explicitly expressed." Fostvedt v. United States, 978 F.2d 1201, 1202-03 (10th Cir.1992), cert. denied, 113 S.Ct. 1589 (1993) (citations omitted). It is well established that statutes such as 28 U.S.C. 1331 granting general jurisdiction do not waive sovereign immunity. Id. at 1203; Lonsdale v. United States, 919 F.2d 1440, 1443-44 (10th Cir.1990).
 
 
 9
 The declaratory judgment provision, 28 U.S.C. 2201, likewise cannot provide a basis for the court's exercise of jurisdiction over the United States in this case. With exceptions not applicable here, that statute expressly provides that it does not apply "with respect to Federal taxes." Id. 2201(a). Despite plaintiff's protestations to the contrary, her declaratory judgment motion, which on its face seeks a construction of provisions of the Federal tax code, clearly seeks to institute proceedings with respect to Federal taxes. Indeed, it is clear from plaintiff's pleadings that her claim here is but a continuation of her campaign to have the federal tax laws declared inapplicable to her. Her action is therefore specifically excluded from section 2201. See Fostvedt, 978 F.2d at 1203.
 
 
 10
 Accordingly, the district court was correct in concluding that it was without subject matter jurisdiction and its dismissal of the declaratory judgment motion is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470