**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD ROY HOODENPYLE,

Defendant-Appellant.

No. 10-1457
(D.C. No. 1:09-CR-00013-MSK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Ronald Roy Hoodenpyle was assessed over a million dollars in unpaid taxes

by the Internal Revenue Service, and Michael Pryor was the revenue officer

whose job it was to collect them. Unhappy with Mr. Pryor's extensive collection

efforts, Mr. Hoodenpyle filed a "NOTICE OF EQUITY INTEREST AND

CLAIM" (Notice) with the Jefferson County Clerk and Recorder in which he

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claimed an interest in Mr. Pryor's home. Aplt. App., Vol. 3, at 484. A jury

subsequently convicted Mr. Hoodenpyle of one count of filing a false lien or

encumbrance against the real property of an employee of a federal agency on

account of that employee's official duties, in violation of 18 U.S.C. § 1521. He

appeals his conviction, arguing there was insufficient evidence to convict him, the

court erroneously limited his attempts to cross-examine several witnesses, and the

court's jury instructions were improper. We affirm.

I.

The statute under which Mr. Hoodenpyle was convicted makes it a crime to

> file, in any public record . . . any false lien or encumbrance against
> the real or personal property of an individual described in [18 U.S.C.
> § 1114], on account of the performance of official duties by that
> individual, knowing or having reason to know that such lien or
> encumbrance is false or contains any materially false, fictitious, or
> fraudulent statement or representation.

18 U.S.C. § 1521. The individuals described in § 1114 include "any officer or

employee of the United States or of any agency in any branch of the United States

Government." The evidence was undisputed that Mr. Pryor was an employee of

the Internal Revenue Service (IRS).

Mr. Hoodenpyle bases his challenge to the sufficiency of the evidence on

the premise that the Notice he filed was merely a "claim" or "notice" that did not

encumber Mr. Pryor's property. *E.g.*, Aplt. Opening Br. at 16. From this premise

he argues there was insufficient evidence to establish any of the following

elements of the offense: (1) he filed a "lien or encumbrance" in the public record; (2) the instrument he filed was false; and (3) he knew or had reason to know that the "lien or encumbrance" was false. 18 U.S.C. § 1521.

We review the sufficiency of the evidence to support a conviction de novo. *United States v. Irvin*, 656 F.3d 1151, 1162 (10th Cir. 2011). Under this standard, we must "determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *Id.*

The Notice Mr. Hoodenpyle filed with the Clerk and Recorder stated in pertinent part as follows:

NOTICE OF EQUITY INTEREST AND CLAIM

To all men, let it be known:

Ronald Roy, Hoodenpyle, trustee of High Chaparral Holding Trust
. . . has claimed an interest, if not all interest in the property
described and listed in this claim and any other property in the future
until this claim is satisfied.
Therefore, to satisfy DEBT and DAMAGES caused by:

MICHAEL J, PRYOR
[Residential Address Omitted][1]

when said MICHAEL J. PRYOR violated the Right to Property, real
and personal, of Ronald Roy Hoodenpyle and High Chaparral
Holding Trust and caused loss of Property, real and personal, loss of
revenue and mental anguish, Ronald Roy, Hoodenpyle and High

---

[1] We have omitted all references to Mr. Pryor's residential address and the property's legal description.

-3-

Chaparral Holding Trust files this CLAIM. Actions taken by said MICHAEL J. PRYOR in violation of Rights of Ronald Roy, Hoodenpyle and High Chaparral Holding Trust are cause for punitive damages and further cause for this CLAIM.

This CLAIM stands forever or until satisfied, against the property and any in the future To Wit:

Legal Description: [Legal Description Omitted]

Property Address: [Street Address Omitted]

This CLAIM is transferable as negotiable for value and can only be discharged in an appropriate Court of Law governed by the Constitution (1787) and Bill of Rights of the United States of America, or by arbitration by and between the Parties.

This CLAIM and interest has not been fully determined in value of Dollars but is believed to be in excess of ONE MILLION DOLLARS ($1,000,000.00).

Aplt. App., Vol. 3, at 484. The Notice was signed by "Ronald Roy, Hoodenpyle Trustee of High Chaparral Holding Trust" and was notarized. *Id.*

A.

Accordingly to Mr. Hoodenpyle, the Notice he filed was not a lien or encumbrance because it was merely a "claim" or "notice" that stated a "*belief*" that Mr. Pryor owed him an amount in excess of one million dollars; it was not a "lien" that "asserted that Mr. Pryor *actually* owed him an amount in excess of one million dollars." Aplt. Opening Br. at 16, 17 (second emphasis added). Although Mr. Hoodenpyle admitted he *intended* to place a lien on Mr. Pryor's property, he argues the Notice did not actually accomplish that purpose because it did not

-4-

actually state that Mr. Pryor was indebted to Mr. Hoodenpyle or that Mr. Hoodenpyle had an interest in Mr. Pryor's property. We disagree.

The Notice stated that Mr. Hoodenpyle "has claimed an interest, if not all interest in the property described . . . until the claim is satisfied," that "[t]his CLAIM stands forever or until satisfied, against the property," and that "[t]his CLAIM . . . can only be discharged in an appropriate Court . . . or by arbitration by and between said parties." Aplt. App., Vol. 3, at 484. Thus, Mr. Hoodenpyle clearly stated both that Mr. Pryor was indebted to him and that he claimed an interest in Mr. Pryor's property as a result of that debt. Mr. Hoodenpyle's assertion of these facts was not diminished by his additional assertion that the amount of the claim "has not been fully determined in value." *Id.*

In addition to the language of the Notice itself, the testimony of Mr. Cronin, a title examiner, supports the jury's verdict. In preparing a title commitment for the lender refinancing of Mr. Pryor's home loan, Mr. Cronin examined the county records and discovered Mr. Hoodenpyle's Notice. Mr. Cronin initially listed the Notice in the "Requirements" section of the title commitment, as an item that had to be paid off as part of the closing on the new loan. After searching for a recorded judgment to support the Notice and investigating further, however, Mr. Cronin agreed to move the Notice to the "Exceptions" section of the title commitment. This move meant that Mr. Hoodenpyle's claim did not have to be paid off, but the title insurance policy

-5-

issued to the lender would not cover any title dispute that might arise from the Notice.

The language of the Notice itself and Mr. Cronin's testimony about how the Notice clouded the title to Mr. Pryor's property provided sufficient evidence for the jury to conclude beyond a reasonable doubt that the Notice Mr. Hoodenpyle filed was a lien or encumbrance.

B.

According to Mr. Hoodenpyle, the evidence was insufficient to establish two other elements: (1) the Notice was "false or contain[ed] any materially false, fictitious, or fraudulent statement or representation," 18 U.S.C. § 1521; and (2) he knew or had reason to know of that falsity. Like his previous challenge, this argument also relies on the premise that the Notice was not a lien or encumbrance and did not purport to state that Mr. Pryor was indebted to Mr. Hoodenpyle. But again, Mr. Hoodenpyle's characterization of the Notice is not supported by the evidence.

The Notice did not merely state Mr. Hoodenpyle's belief that Mr. Pryor owed him a debt; it stated that Mr. Hoodenpyle had an interest in Mr. Pryor's property "to satisfy DEBT and DAMAGES caused by MICHAEL J, PRYOR." Aplt. App., Vol. 3, at 484. The Notice did not indicate the existence of the debt was uncertain, only its "value." *Id.*

Mr. Pryor's uncontroverted testimony, however, established that Mr. Hoodenpyle had no basis to claim Mr. Pryor owed him a debt: Mr. Pryor did not owe Mr. Hoodenpyle any debt or obligation; Mr. Hoodenpyle had no judgment against him; he had never agreed to give Mr. Hoodenpyle any money or agreed with Mr. Hoodenpyle that any money was owed; and he had never consented to Mr. Hoodenpyle filing a lien or encumbrance or any other type of document against his personal residence. Mr. Pryor's testimony was supported by the testimony of Mr. Cronin and Special Agent William Frankel, who confirmed that Mr. Hoodenpyle had no recorded judgment against Mr. Pryor.

Mr. Hoodenpyle's arguments that he actually believed that Mr. Pryor had caused him an injury and that he later filed suit against Mr. Pryor are immaterial. The evidence established that when he filed the Notice with the Jefferson County Clerk and Recorder, Mr. Hoodenpyle had no legitimate claim against Mr. Pryor's property to satisfy a debt–and he knew it. The evidence was therefore sufficient to support the jury's findings that the Notice was false or contained a materially false, fictitious, or fraudulent statement or representation and that Mr. Hoodenpyle knew or had reason to know it.

C.

As part of his challenge to the sufficiency of the evidence, Mr. Hoodenpyle contends the district court incorrectly instructed the jury on the meaning of the

terms "lien or encumbrance" in 18 U.S.C. § 1521. Instruction No. 14 informed

the jury as follows:

> For purposes of determining whether Mr. Hoodenpyle filed a "lien or encumbrance," you are instructed that a "lien or encumbrance" is a document, filed with a County Clerk and Recorder, that states that the owner of the property described is indebtted [sic] to or owes an obligation to the person filing the document.

Aplt. App., Vol. 3, at 519.

Mr. Hoodenpyle raises several challenges to the court's instruction. First,

he contends the instruction should have followed more closely the definition of

the term "lien" provided in Colo. Rev. Stat. § 38-35-201(2). Second, he argues

the instruction's definition was incorrect because: (1) "[a] lien isn't a document,"

Aplt. Br. at 14; (2) "defin[ing] a 'lien or encumbrance' as a document which

'states' an indebtedness was confusing and inconsistent with Colorado law," *id*. at

15; (3) "a lien does not necessarily require that the 'owner of the property

described' is indebted to or owes an obligation 'to the person filing the

document,'" because the debt also can be owed by a third party, *id*.; and (4) "a

lien is not defined as a document 'filed with a County Clerk and Recorder,'" *id*.

Mr. Hoodenpyle argues that the definition the district court gave the jury "cut the

legs out from underneath [his] entire argument," and that "by including many of

Mr. Hoodenpyle's actions in the definition of 'lien or encumbrance,' the district

court took the jury several steps closer to finding Mr. Hoodenpyle guilty." *Id*. at

15, 16.

-8-

To preserve a claim of instructional error for appeal, a party "must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R. Crim. P. 30(d). "Because the purpose of the objection is to give the court an opportunity to correct any mistake before the jury enters deliberations, an excessively vague or general objection to the propriety of a given instruction is insufficient to preserve the issue for appeal." *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 553 (10th Cir. 1999) (citation omitted). Absent a valid objection, this court will review the jury instructions only for plain error. Fed. R. Crim P. 30(d), 52(b).

Mr. Hoodenpyle did not adequately object to the language of Instruction No. 14 on any of the grounds he raises on appeal to preserve those issues for appeal. At the first charging conference, the government tendered several proposed instructions, one of which defined the terms "lien" and "encumbrance." During the discussion of the proposed instruction, defense counsel asked the court to adopt the definition of "lien" found in Colo. Rev. Stat. § 38-35-201. Aplt. App., Vol. 2, at 399. That statute provides that a "'[l]ien' means an encumbrance on real or personal property as security for the payment of a debt or performance of an obligation." Colo. Rev. Stat. § 38-35-201(2). The court noted that adopting the Colorado statute's definition might cause a problem, because the Colorado statute defines a "lien" as an "encumbrance," but 18 U.S.C. § 1521 uses those two terms in the disjunctive, suggesting they may not have the same meaning. The

government maintained the two terms are not synonymous, and it agreed with the court's articulation that "a lien is premised upon an existing debt but an encumbrance may be premised upon . . . a claim of liability," Aplt. App., Vol. 2, at 398. The court ultimately took the matter under advisement to attempt to determine "what Colorado recognizes as a lien and an encumbrance." *Id.* at 401.

The following day, the court provided counsel copies of all the final instructions. The court's Instruction No. 14 defined "lien or encumbrance" in new terms. The court explained its reasoning for Instruction No. 14, among others, and then asked the parties if anything needed to be clarified or if they had any further objections. Defense counsel responded that he had no objections to the final instructions "other than the objections from yesterday." *Id.*, Vol. 3, at 411.

This objection was not sufficient to preserve any of Mr. Hoodenpyle's challenges to Instruction No. 14. Counsel's general reference to "the objections from yesterday" was not sufficient to alert the court that he believed the new language in Instruction No. 14 failed to follow Colorado law adequately. Nor was it sufficient to alert the court to any of the other errors Mr. Hoodenpyle alleges. Accordingly, we review the district court's instructions only for plain error.

Under a plain error standard of review, Mr. Hoodenpyle must "show that the district court's jury instruction constituted (1) error, (2) that is plain, and (3) affects his substantial rights, as well as (4) the fairness, integrity, or public

reputation of judicial proceedings." *United States v. Hutchinson*, 573 F.3d 1011, 1019 (10th Cir. 2009). "An error is 'plain' if it is clear or obvious under current, well-settled law." *United States v. Thornburgh*, 645 F.3d 1197, 1208 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 214 (2011).

Mr. Hoodenpyle has failed to demonstrate plain error in the court's instruction. Describing a "lien or encumbrance" as "a document, [that is] filed with a Clerk and Recorder," Aplt. App., Vol. 3, at 519, was not plain error, given that the jury already had to find both that Mr. Hoodenpyle "filed" the lien or encumbrance–which implies the lien or encumbrance was embodied in a document that could be filed–and that he did so "in a public record"–which would include the County Clerk and Recorder–in order to find him guilty of the charged offense, *id.*; *see also* 18 U.S.C. § 1521. Nor was it plain error for the instruction to provide that the debt or obligation underlying the lien or encumbrance must be one owed by the property owner to the person filing the lien or encumbrance. Defining what constitutes a lien or encumbrance *more narrowly* than Mr. Hoodenpyle contends was proper (he contends the debt or obligation also can be owed by a third party) could not have prejudiced him. Instruction No. 14 adequately conveyed to the jury the concept of a lien or encumbrance as a claim against real property arising out of a debt or obligation, and the district court did not commit plain error in giving it.

II.

Mr. Hoodenpyle contends the district court violated his Sixth Amendment right to confrontation when it limited his counsel's examination of several prosecution witnesses. First, he complains his counsel was not permitted to question a federal agent and a county sheriff's officer about their involvement in a Joint Terrorism Task Force and about their motivations in investigating him. Next, he argues the court should have permitted his counsel to question an officer about statements Mr. Hoodenpyle made to him in a recorded interview that were not included in the parts of the interview the government played for the jury. The court told counsel he could not ask questions about Mr. Hoodenpyle's additional statements unless he first played for the jury the portions of the recording that contained those statements. Finally, Mr. Hoodenpyle argues the court should have permitted his counsel to re-cross-examine a prosecution witness from the Clerk and Recorder's Office.

At trial, Mr. Hoodenpyle's counsel did not object to any of the court's rulings on these matters on Confrontation Clause grounds. "[W]here a Confrontation Clause objection is not explicitly made below we will not address the constitutional issue in the absence of a conclusion that it was plain error for the district court to fail to raise the constitutional issue *sua sponte*." *United States v. Solomon*, 399 F.3d 1231, 1237-38 (10th Cir. 2005) (internal quotation marks omitted). But Mr. Hoodenpyle does not argue that the district

-12-

court committed plain error.  He has therefore waived any review of the issue. *See id*. at 1238.

## III.

Mr. Hoodenpyle contends the district court erred in giving the jury Instruction No. 18, which informed it that "the Internal Revenue Service is an agency of the United States."  Aplt. App., Vol. 3, at 523.  Defense counsel objected to this instruction at the charging conference, arguing that it stated as a fact an element of the government's case.  According to Mr. Hoodenpyle, the instruction improperly relieved the government of the burden of proving that Mr. Pryor, who was undisputedly an IRS employee, was an "employee of the United States or of an[] agency in any branch of the United States Government," 18 U.S.C. § 1114; s*ee also id.* § 1521 (referring to § 1114).[2]

The obvious flaw in Mr. Hoodenpyle's argument is that he mistakenly believes that whether the IRS is an agency of the United States is a question of fact for the jury to decide.  That the IRS is an agency of the United States is, however, a matter of well-established law.  *See* 5 U.S.C. § 101 ("The Executive departments are: . . . The Department of the Treasury."); 31 U.S.C. § 301(a)

---

[2] After the court reviewed the final version of the instructions with counsel, Mr. Hoodenpyle's counsel did not object to this instruction other than by way of his general reassertion of "the objections from yesterday," Aplt. App., Vol. 3, at 411.  We need not decide whether this general reassertion was sufficient to preserve this claim of instructional error for more than plain-error review, because we would reject the claim under any standard of review.

-13-

("The Department of the Treasury is an executive department of the United States Government at the seat of the Government."); 26 C.F.R. § 601.101(a) ("The Internal Revenue Service is a bureau of the Department of the Treasury under the immediate direction of the Commissioner of Internal Revenue."); *Lonsdale v. United States*, 919 F.2d 1440, 1447 (10th Cir. 1990) (noting "the Internal Revenue Service [is] a division of the Department of the Treasury"); *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States." (quoting 18 U.S.C. § 1001)). And questions of law are not for the jury to decide. *See United States v. Sliker*, 751 F.2d 477, 497 (2d Cir. 1984) (noting "judges don't answer questions of fact [and] juries don't answer questions of law"). Instruction No. 18 properly removed from the jury's consideration the question whether the IRS is an agency of the United States.

IV.

Finally, we note that after Mr. Hoodenpyle's counsel filed his opening brief on appeal, Mr. Hoodenpyle began submitting various documents to this court on his own behalf. These submissions have been docketed as received, but not filed. On the whole, these submissions seek to supplement Mr. Hoodenpyle's opening brief with documents and arguments that Mr. Hoodenpyle's counsel apparently refused to present to this court. In the wake of Mr. Hoodenpyle's submissions, this court sent Mr. Hoodenpyle a letter informing him that it is not our practice to

accept filings directly from a party who is represented by counsel.

Mr. Hoodenpyle has since informed the court that his attorney refuses to communicate with him.[3]  In light of this refusal, Mr. Hoodenpyle has moved the court to have his attorney removed, to proceed pro se, and to have all of his pro se submissions filed and considered on appeal.

We see no reason to permit Mr. Hoodenpyle to circumvent this court's general rule that we will not consider arguments that were not raised in an appellant's opening brief.  *See, e.g., Fairchild v. Workman*, 579 F.3d 1134, 1141 n.2 (10th Cir. 2009) ("Generally, the failure to raise an argument in one's initial filing will cause it to be waived."); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("Consistent with [the requirements of Fed. R. App. P. 28(a)(9)(A)], we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). Mr. Hoodenpyle has no constitutional right to represent himself on direct appeal, *see Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 163 (2000), or to be represented in part by counsel and in part by himself (so-called "hybrid representation"), *see United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995).  Because his sole reason for seeking to have his attorney removed and to

---

[3]     To the extent Mr. Hoodenpyle is attempting to raise a claim of ineffective assistance of counsel, such claims should usually be raised in collateral proceedings, not on direct appeal. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006).

proceed pro se is to present arguments to this court that were not contained in his

opening brief, we see no reason to grant Mr. Hoodenpyle's request.

V.

The judgment and sentence of the district court are AFFIRMED.

Mr. Hoodenpyle's motion to have his counsel removed, to proceed on appeal

pro se, and to have the court file his previous pro se submissions is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge