2020 UT App 46

# THE UTAH COURT OF APPEALS

TERRE LYNN CHRISTIANSEN,
Petitioner,

*v.*

TAX COMMISSION, SCOTT W. SMITH,
AND JOHN L. VALENTINE, ET AL,
Respondents.

Per Curiam Opinion
No. 20190570-CA
Filed March 26, 2020

Original Proceeding in this Court

Terre Lynn Christiansen, Petitioner Pro Se

Sean D. Reyes and Brent A. Burnett, Attorneys
for Respondents

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1     Terre Lynn Christiansen petitions for review of the Tax
Commission's final order assessing tax deficiencies and penalties
for the years 2012 through 2016. Christiansen did not file state
tax returns in those years.

¶2     In 2017, the Auditing Division sent Christiansen requests
for filing information for years 2012 to 2016, noting that Division
records showed that she had not filed state tax returns in those
years. The requests informed Christiansen that she could still file
the returns, and in addition identified for Christiansen the
information she should provide to the Division to enable it to
evaluate her filing status in the event Christiansen took the
position that she was not required to file tax returns.
Christiansen did not provide the information identified in the

requests. However, in response to each request, Christiansen sent a letter to the Division requesting that the Division provide proof that Christiansen was required to file a federal tax return, which is a prerequisite to the requirement to file a state tax return. *See* Utah Code § 59-10-502(1) (LexisNexis 2018) (providing that a state tax return must be filed by every resident individual who is required to file a federal income tax return).

¶3    In the absence of the necessary information from Christiansen, the Division sent out notices of deficiency and estimated income tax for the years in question. Each notice included an estimated federal adjusted gross income and showed that the income was greater than the sum of the standard deduction and personal exemption, which triggers tax liability. *See id.* § 59-10-104.1(2) (providing that an individual is exempt from state income tax if the individual's federal adjusted gross income is less than or equal to the sum of the personal exemptions and standard deduction).

¶4    Christiansen responded to the notices of deficiency with additional demands for proof that she was required to file a federal tax return. She stated that she had requested such proof from the Internal Revenue Service in 2015 and had never received any evidence that she was required to file a federal return. The Division construed these letters as a petition for redetermination of the deficiencies and set the matter for hearing. Ultimately, after a formal hearing, the Commission upheld the deficiency and penalty assessments. After the denial of her petition for reconsideration, Christiansen seeks review in this court.

¶5    On review, Christiansen continues to demand evidence from the Commission showing that she was required to file a federal tax return. However, in proceedings before the Commission seeking a redetermination of a deficiency, with

some exceptions not applicable here, "the burden of proof is on the petitioner." Utah Code § 59-1-1417(1). Accordingly, it is Christiansen who bears the burden to show that the Commission's assessments are in error. *See also Jensen v. State Tax Comm'n*, 835 P.2d 965, 971 (Utah 1992) ("When a recalcitrant or evading taxpayer refuses to file an income tax return and the Commission is therefore compelled to reconstruct financial data from available evidence to estimate the taxpayer's income, it is reasonable to shift the burden to the taxpayer . . . to show that the Commission's figures are incorrect.").

¶6    Furthermore, the Commission provided evidence in the notices of deficiency when it showed that Christiansen received income greater than the filing requirement minimum for federal tax returns. *See* 26 U.S.C. § 6012(a)(1) (providing that a federal tax return is required by "every individual having for the taxable year gross income which equals or exceeds the exemption amount"). Although she argues that she is exempt for other reasons, the Commission demonstrated as an initial matter that Christiansen was required to file a federal tax return and, therefore, was required to file a state tax return.

¶7    Christiansen argues that she is exempt from filing a federal tax return because she is a member of a church, and "the Church is exempt from federal taxation." Under the federal tax code, certain organizations are exempt from taxation. 26 U.S.C. § 501(a). "Corporations . . . organized and operated exclusively for religious . . . purposes, . . . no part of the net earnings of which inures to the benefit of any private shareholder or individual," are exempt from taxation. *Id.* § 501(c)(3). But even assuming that Christiansen is a member of a church that is exempt under section 501(c)(3), she has not provided any authority to support the proposition that a church's tax-exempt status extends to its individual members.

¶8      Under the plain language of the statute, the tax exemption belongs to the corporate entity. *Id.* "In order to be exempt under section 501(c)(3), an organization must qualify under both the organizational and the operational tests." *Basic Bible Church v. Commissioner of Internal Revenue*, 74 T.C. 846, 856 (1980). "The operational test requires that an organization's activities be primarily those which accomplish one or more exempt purposes" under the statute. *Id.* Furthermore, to be tax exempt, an organization "must establish that it is not operated for the benefit of private interests." *Id.*

¶9      Christiansen has acknowledged that she is a member of a church and has not asserted that she has organized in any form within the statute. Additionally, at the formal hearing, she acknowledged that she received her own wages for her own benefit. The wages did not go to the church. Christiansen, on her own, is not eligible for a tax exemption under section 501(c) and there is no support for her assertion that she, as an individual, is entitled to a corporate church's exemption.[1] This is particularly so when her wages were her own and "for the benefit of private interests."

¶10     As Christiansen notes in her brief, the critical fact to be determined is whether she was required to file a federal tax return which would then require her to file a state tax return. The Commission demonstrated that she was required to file a federal tax return. Her belief that she was not required to file does not negate that fact. The other arguments Christiansen asserts have been rejected as "lacking in legal merit and patently frivolous." *Lonsdale v. U.S.*, 919 F.2d 1440, 1448 (10th Cir. 1990)

---

1. In contrast to the religious organization exemption under section 501(c)(3), under the tax code individuals are broadly required to file tax returns and are exempt only if they do not meet the minimum income level. 26 U.S.C. § 6012(a).

(listing frivolous arguments including "wages are not income" and "the income tax is voluntary").[2]

¶11    Accordingly, we decline to disturb the Commission's order.[3]

———————

—————————————

2. "The government may not prohibit the holding of these beliefs, but it may penalize people who act on them." *U.S. v. Carman*, 2007 WL 9729022 (D. N.M. 2007).

3. Christiansen also requests payment for her time in litigating this matter. Generally, pro se litigants are not entitled to recover payment for representing themselves. *Jones Waldo Holbrook & McDonough v. Dawson*, 923 P.2d 1366, 1375 (Utah 1996). And, even where there is a basis for fees, a litigant must be the prevailing party in order to recover. *See, e.g.*, *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998). We therefore deny Christiansen's request for payment.