**FILED**
**United States Court of Appeals**
**Tenth Circuit**
**February 14, 2012**
**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

SHIRLEY J. OYER,

        Defendant - Appellant,

and

CHRISTOPHER OYER; DALE L. OYER; FAIRBANKS CAPITAL CORPORATION; JOHNSON COUNTY TREASURER,

        Defendants.

No. 11-3222
(D.C. No. 2:08-CV-02002-CM)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

    [*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government brought suit in the United States District Court for the District of Kansas against Defendant Shirley Oyer to collect unpaid federal income taxes. On October 2, 2009, the district court entered judgment in favor of the government. On July 15, 2011, it entered an order of sale of property to pay the taxes due. Defendant filed a notice of appeal on July 27. On appeal she contends that the court lacked jurisdiction to enter either the judgment or the order. We have jurisdiction to review the appeal of the order of sale and reject Defendant's jurisdictional arguments. Because the arguments challenging the order of sale are the same as the arguments challenging the judgment, we can also affirm the district court's rejection of the challenges to the judgment without resolving whether we have appellate jurisdiction over those challenges.

## I.    DISCUSSION

The government's complaint sought to reduce to judgment the tax assessments against Defendant, to declare the validity of federal tax liens against certain real property (the Property), to foreclose on those liens, and to have the Property sold to pay her delinquent taxes. The district court granted partial summary judgment in favor of the government, reducing to judgment the assessments against Defendant and declaring that the government held valid liens on the Property. But it refused to enter an order of foreclosure because the government had failed to show that Dale Oyer (Defendant's ex-husband) had no

interest in the Property. Defendant had purchased the Property with Mr. Oyer before the two divorced.

The parties eventually stipulated that Defendant and Mr. Oyer each had a one-half interest in the Property, and the district court entered a judgment (the Judgment) on October 2, 2009, declaring that the government "is entitled to foreclose its liens against the [Property]; provided, however, that [Mr.] Oyer shall have a three-month period from the date of this Judgment to produce a buyer of the [Property] on terms acceptable to the [government]." R., Vol. 7 at 27. The Judgment also set forth how the proceeds of a foreclosure sale were to be distributed.

Defendant then filed two motions to vacate the Judgment as void for lack of jurisdiction. The first, explicitly invoking Fed. R. Civ. P. 60(b)(4), was filed on December 10, 2009, and denied by the district court on January 5, 2010. The second was filed on June 3, 2011, after Mr. Oyer had failed to find an acceptable buyer and the government had moved for a court order allowing sale of the Property. On July 15 the court entered an order of sale and denied Defendant's motion. Defendant filed her notice of appeal on July 27. She contends on appeal that the court lacked territorial, personal, subject-matter, and political jurisdiction to hear the case. She also asserts that the government lacked the statutory authority to bring its suit against her.

Defendant's notice of appeal states that she is appealing "the final judgment and Order of Sale." *Id.* at 170. The order of sale was a final order under 28 U.S.C. § 1291 because it resolved all issues remaining before the district court. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. Unit B May 1981) ("[A]n order in a foreclosure proceeding that directs the immediate sale of specified property is in all respects a final order for purposes of appeal."). The notice of appeal was timely as to the order because it was filed less than two weeks after entry of the order. *See* Fed. R. App. P. 4(a)(1)(B)(I) (If the United States is a party, any party may file a notice of a appeal "within 60 days after entry of the judgment or order appealed from."). We therefore have jurisdiction to review Defendant's jurisdictional challenges to the order of sale. Our review is de novo. *See ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200, 1214 (10th Cir. 2011) ("We review de novo questions of personal jurisdiction."); *Mires v. United States*, 466 F.3d 1208, 1209 (10th Cir. 2006) ("Whether a district court had subject matter jurisdiction is a question of law that we review *de novo*.").

Defendant's challenges are frivolous. For the most part they were properly addressed by the district court in its decision denying Defendant's postjudgment motions. The authority relied on by Defendant is irrelevant. Similar arguments have been summarily rejected. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (describing arguments as "patently frivolous"); *cf. United*

-4-

*States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant." (internal citations omitted)). And to the extent that she challenges the district court's exercise of personal jurisdiction, she waived that defense below by answering and failing to raise the issue in her answer. *See United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994) (failure to object to court's exercise of personal jurisdiction in the first response waives defense).

Our jurisdiction to address the Judgment is less clear because Defendant's notice of appeal appears to have been untimely if the Judgment was final under § 1291. Ordinarily we would need to resolve our appellate jurisdiction because in most circumstances "this court must resolve jurisdictional issues . . . before addressing the merits of the claim, even if the jurisdictional questions are difficult and we could easily decide the merits." *Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 654 F.3d 1058, 1068–69 (10th Cir. 2011) (brackets and internal quotation marks omitted). But we can dismiss a claim on the merits without first establishing jurisdiction if "the merits have already been decided in the court's resolution of a claim over which it did have jurisdiction." *Starkey v. Boulder*

*Cnty. Social Servs.*, 569 F.3d 1244, 1260 (10th Cir. 2009). That exception applies here because Defendant's jurisdictional challenges to the Judgment and the order of sale are identical. She does not contend that there was anything unique about the Judgment that would require us to resolve her challenges to the Judgment any differently than her challenges to the order of sale. We therefore reject her challenges to the Judgment.

## II.    CONCLUSION

We AFFIRM the Judgment and order of sale.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge