**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA/
INTERNAL REVENUE SERVICE,

      Petitioner-Appellee,

v.

LOUIS E. WANKEL,

      Respondent-Appellant.

No. 11-2100
(D.C. No. 1:11-CV-00020-MCA)
(D. of N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Louis E. Wankel, a resident of New Mexico, appeals two rulings made by

the district court below: (1) whether the district court correctly enforced an

Internal Revenue Service (IRS) summons; and (2) whether the district court

correctly dismissed his counterclaim for lack of jurisdiction. The government

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

filed a motion to dismiss the appeal as untimely, since Wankel filed his initial notice of appeal prior to entry of the district court's final order.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we DENY the government's motion to dismiss, and for substantially the same reasons as the district court, we AFFIRM the district court's rulings.

## I. Facts

Wankel failed to pay his income tax assessments due for the years 2001, 2002, and 2003. In 2010, the IRS assigned a Revenue Officer to investigate the collection of the assessments against Wankel. The officer issued a summons directing Wankel to appear and give testimony and produce certain documents pertaining to his finances. Wankel appeared at the proper time, but did not comply with the summons by failing to produce documents, and would not cooperate with the officer. Instead, Wankel stated that he was not the "entity" summoned, but was a separate, "living man," and demanded "immunity." The officer gave Wankel another opportunity to appear at a future date and comply with the summons. Again he appeared, but continued to demand "immunities and waivers of liability." R., Doc. 26 at 1.

The IRS petitioned the district court to enforce the summons, submitting a declaration from the officer, which made the requisite showing for enforcement of a summons under *United States v. Powell*, 379 U.S. 48 (1964). Wankel responded

with a variety of frivolous arguments, along with a "Countercomplaint" asking for an injunction against any future tax collection, a declaratory judgment to the effect that he is exempt from the Internal Revenue Code, and $2,600,000 in damages.

The district court held a hearing on the petition to enforce the summons, with the officer being called to testify for both sides. Following the hearing, the district court issued an order granting the petition to enforce the summons, finding that the government had established all of the requirements necessary to make a prima facie case for enforcement of the summons. R., Doc. 26 at 4. Additionally, the court found that Wankel had "not come forward with evidence that would rebut the United States' showing of the reasonableness of its summons," and that he had "failed to establish any reason for denying" enforcement of the summons. *Id.* The court continued: "objections to the Court's jurisdiction to enforce an IRS summons and [Wankel's] arguments challenging the validity of the Internal Revenue Code . . . [are] precisely the kind of incoherent, 'tax-protestor' arguments that are routinely rejected as frivolous." *Id.*; *see also Lonsdale v. United States*, 919 F.2d 1440, 1447–48 (10th Cir. 1990).

As to Wankel's counterclaim, the district court found that "no federal question [was] apparent on the face of the counterclaim," and that "by failing to make any showing that the United States had waived its sovereign immunity,

-3-

Wankel has additionally failed to establish the Court's subject-matter jurisdiction over the claim." R., Doc. 61 at 5–6.

Wankel now appeals.

## II. Discussion

### A. Motion to Dismiss

Before addressing the merits, we must address the motion to dismiss filed by the government. The government contends that this court lacks jurisdiction because the notice of appeal was filed before the district court entered its written order. For the reasons below, we deny the government's motion.

The district court held a hearing on the petition to enforce the summons on May 13, 2011. Wankel filed his notice of appeal on May 16. The district court issued its written order enforcing the summons on May 17. This court abated the appeal on August 8, pending the disposition of three motions filed by Wankel. On December 2, the district court denied the motions, as well as dismissing Wankel's counterclaim. Final judgment was entered on the same day and the abatement of the appeal was lifted on December 23.

The notice of appeal, though filed before entry of the written order enforcing the summons, was filed after the district court announced its decision at a hearing. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court

announces a decision or order—but before the entry of a judgment or order—is treated as filed on the date of and after entry of judgment."). It is clear from a review of the clerk's minutes and the transcript of the hearing that the district court announced its decision enforcing the summons. The court even set the time and place for Wankel to produce the requested documents. Although the order enforcing the summons is not final under Federal Rule of Civil Procedure 54(b), the order became final and appealable when the district court entered final judgment on December 23. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988).

## B. IRS Summons

Whenever a person fails to obey an IRS summons, the government may petition a federal district court to enforce the summons. *See* 26 U.S.C. §§ 7402(b), 7604(a). To obtain enforcement of a summons, the government must establish a prima facie case for enforcement by showing that (1) the summons was issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the IRS does not already possess that information; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57–58 (1964); *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987). Once the government has met this burden, which is "slight," burden shifts to Wankel to show that enforcement of the

summons would "constitute an abuse of the court's process," or that the IRS lacks "institutional good faith." *Anaya*, 815 F.2d at 1377 (internal quotations omitted).

We review a district court's order enforcing an IRS summons for clear error. *United States v. Coopers & Lybrand*, 550 F.2d 615, 620 (10th Cir. 1977).

The district court determined that "the United States has established the elements of a prima facie case through the testimony of" the officer, and that Wankel "failed to establish any ground for denying" the petition. R., Doc. 26 at 4. Upon this finding, the burden shifted to Wankel to establish a valid defense. In response to his purported defense, the court found that Wankel's "objections to the Court's jurisdiction . . . are precisely the kind of incoherent tax-protestor arguments that are routinely rejected as frivolous." *Id.*; *see also Lonsdale,* 919 F.2d at 1447–48. Finally, the court held that Wankel's due process arguments are also incorrect. Wankel's "beliefs about the tax laws, as proffered, are far removed from the mainstream of jurisprudence. Due process does not require that this Court adopt and accept positions which have been repeatedly rejected by other courts and which, to a great extent, are unintelligible." R., Doc. 26 at 5.

On appeal, Wankel raises the same type of "tax-protestor" arguments, challenging the jurisdiction of the IRS and the underlying statutes which authorize tax collection. Given the persuasive reasoning of the district court's opinion, *id.* at 4–5, there is no reason to repeat the analysis dismissing the arguments here. *See also Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir.

1984) (finding there is "no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit").

But in any event, even if we reach the merits of Wankel's arguments, they are all easily eliminated. Specifically, reference to an extended quotation from this court's opinion in *Lonsdale* covers all of Wankel's arguments:

> [T]he following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals . . . are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined to the District of Columbia; . . . (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income;
>
> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale*, 919 F.2d at 1448.

In sum, the government met its burden under *Powell*, and all of Wankel's rebuttal arguments are unconvincing.

## C. Counterclaim

Wankel raised a counterclaim, seeking monetary and injunctive relief, on the theory that the IRS violated his right to due process by failing to provide certain information that Wankel claims is necessary for tax collection. The district court held that it lacked subject matter jurisdiction over these claims due to sovereign immunity.

We review the district court's dismissal of Wankel's counterclaim for lack of subject matter jurisdiction de novo. *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006).

It is clear that the United States is immune from suit absent its explicit consent and that the burden is on Wankel to prove an "explicit waiver of sovereign immunity." *Lonsdale*, 919 F.2d at 1444. As the district court found, Wankel's arguments are merely "frivolous legal arguments and conclusions regarding the validity of the IRS and the tax code and the authority of IRS agents." R., Doc. 61 at 5. He raises no meritorious, or even cognizable, arguments on appeal to upset this finding. But even if Wankel managed to meet the burden of overcoming sovereign immunity, his counterclaim raises no federal question or federal issue on its face. "To merely allege that a federal question exists is insufficient." *Id.* at 6.

Finally, as the district court noted, to the extent that Wankel is attempting to assert a cause of action against any IRS officers in their individual capacities,

it is well settled that such a suit is improper.  "[I]n light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions."  *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997).

In sum, the district court properly dismissed Wankel's counterclaim for lack of subject matter jurisdiction.

## III.  Conclusion

For the foregoing reasons, we DENY the government's motion to dismiss, AFFIRM the district court's order to enforce the summons, and AFFIRM the district court's dismissal of Wankel's counterclaim.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge