**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LEE VANDAGRIFF,

  Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

  Respondent-Appellee.

No. 12-9001

(ON APPEAL FROM
UNITED STATES TAX COURT)

(CIR No. 18647-11)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Jerry Lee Vandagriff appeals an order of the Tax Court dismissing his challenge to the Commissioner's deficiency determination. The Tax Court found he failed to state a claim upon which relief could be granted and that his complaint was otherwise incomprehensible or legally frivolous.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Exercising jurisdiction pursuant to I.R.C. § 7482(a)(1), and for substantially the same reasons as the Tax Court, we AFFIRM the Tax Court's order of dismissal and decision.

In July 2011, the Commissioner issued a notice of deficiency to Vandagriff after he failed to file a tax return for 2008. The Commissioner determined that Vandagriff failed to report non-employee compensation of $100,343.00 and capital gains of $35,000.00, and that he was liable for an income tax deficiency of $41,561.00, along with additional payments of $9,351.23 under I.R.C. § 6651(a)(1), $5,195.13 under § 6651(a)(2), and $1,335.60 under § 6654. Vandagriff filed a timely petition challenging the deficiency and additions.

On November 21, 2011, the Tax Court entered an order of dismissal and decision, dismissing for failure to state a claim upon which relief could be granted. The Tax Court concluded that Vandagriff's petition contained "neither assignment of error nor allegation of fact in support of any justiciable claim," but only "frivolous and groundless arguments." R., Doc. 9 at 2. The Tax Court also upheld the deficiency determination and denied the Commissioner's request for a penalty under I.R.C. § 6673.[1] Vandagriff then filed a timely motion to vacate, which the Tax Court denied on January 10, 2012.

Before reaching the merits of the appeal, we must consider our jurisdiction. We directed the parties to submit briefing on the issue of whether we have

_____

[1] The Commissioner does not appeal the Tax Court's denial of penalties.

-2-

jurisdiction where the appellant filed his notice of appeal while his timely motion to vacate was still pending before the Tax Court. At the time of this request, it was unclear whether the motion to vacate had been ruled upon.

This court's jurisdiction to review decisions of the Tax Court rests upon I.R.C. § 7482, which provides that "[r]eview of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered." But if a motion to revise or vacate the decision is filed, within the 30-day time limit, the filing tolls the appeal period until "the entry of the order disposing of the motion or from the entry of a new decision, whichever is later." Fed. R. Civ. P. 13(a)(2). This is relevant because "[a] court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal and this requirement is mandatory and jurisdictional." *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 368 (10th Cir. 1974).

The Tax Court issued its order of decision and dismissal on November 21, 2011. On December 21, 2011, Vandagriff filed a motion to vacate the order of dismissal and decision. The Commissioner filed a response to the motion on January 10, 2012. After a review of the record, it is clear that the Tax Court denied Vandagriff's motion to vacate on the same day, January 10, 2012, even though there was not a separate docket entry for the dismissal. *See* R., Doc. 10 at 1. Vandagriff's notice of appeal was filed on January 25, 2012, several weeks after the disposition of the motion to vacate. Accordingly, the notice of appeal

was filed within 90 days after the motion to vacate was denied and this court has jurisdiction over the appeal.

As to the merits of Vandagriff's claims, we review de novo the Tax Court's dismissal for failure to state a claim. *Fox v. Commissioner*, 969 F.2d 951, 952 (10th Cir. 1992).

When challenging a deficiency, Tax Court Rule 34(b)(4) requires "[c]lear and concise assignments of each and every error which the [taxpayer] alleges to have been committed by the Commissioners in the determination of the deficiency." Rule 34(b)(5) requires "[c]lear and concise lettered statements of the facts on which [the taxpayer] bases the assignment of error." Additionally, the taxpayer may not rest solely on conclusory allegations of error, but must affirmatively set forth in his petition specific facts indicating that specific errors have occurred. *InverWorld, Ltd. v. Commissioner*, 979 F.2d 868, 876–77 (D.C. Cir. 1992). If the taxpayer fails to satisfy the Tax Court's pleading requirements, the petition is subject to dismissal for failure to state a claim upon which relief can be granted. *Clark v. Commissioner*, 744 F.2d 1447, 1447 (10th Cir. 1984).

In his arguments below, Vandagriff failed to dispute the Commissioner's substantive determinations that he received $100,342.00 in non-employee compensation and $35,000.00 in capital gains during 2008, but did not file a tax return, pay his tax liability, or pay sufficient estimated tax. Instead, Vandagriff raised a variety of "tax-protester" arguments, challenging the Commissioner's

authority to collect income taxes from him at all, along with a number of assertions that the tax laws are unenforceable due to invalid or nonexistent regulations.

On appeal, Vandagriff raises the same arguments, challenging the jurisdiction of the IRS and the underlying statutes which authorize tax collection. Given the persuasive reasoning of the Tax Court's order, R., Doc. 9 at 1–3, we see no need to repeat its analysis dismissing these arguments. *See also Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (finding there is "no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit").[2]

---

[2] Even if we reach the merits of Vandagriff's arguments, they are all easily eliminated. We have previously held that:

> [T]he following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals . . . are not "persons" subject to taxation under the Internal Revenue code; . . . (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income;
>
> To this short list of rejected tax protester arguments we now add as equally meritless . . . (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms,

(continued...)

In sum, the Tax Court properly dismissed Vandagriff's challenge to the Commissioner's deficiency.

AFFIRMED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[2](...continued)
including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).