**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENT D. JACOBSEN,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 13-9002
(Tax Ct. No. 22536-12)
(United States Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Brent D. Jacobsen, proceeding pro se, appeals the United States Tax Court's

dismissal of his petition for failure to conform to Tax Ct. R. 34(b), and failure to state

a claim upon which relief can be granted. Exercising jurisdiction under 26 U.S.C.

§ 7482, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Jacobsen filed a tax return for the 2010 tax year reporting a zero tax liability. The Commissioner of the Internal Revenue Service determined that Jacobsen omitted $74,971 in wages from his employer, BD Infusion Therapy Systems, Inc. (BD), $3 in interest income, and was liable for $371 in tax for premature distributions from a retirement plan. The Commissioner issued Jacobsen a notice of deficiency, stating that he had a tax deficiency of $14,196 and imposed an accuracy-related penalty of $2,691 for substantial underpayment of tax under 26 U.S.C. § 6662(d).

Jacobsen then filed a petition in the Tax Court. He did not dispute the Commissioner's deficiency tax determination, tax liability, or penalty asserted against him. Instead, he alleged, among other things, that BD did not pay him "wages," and that he did not work for an "American employer" in the "United States" because the term "United States," as defined in 26 U.S.C. § 3121(e)(2), includes only the named U.S. territories and possessions of the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa. He subsequently filed an "Amended Petition" largely reiterating the allegations contained in the original petition.

The Commissioner filed a motion to dismiss Jacobsen's petition for failure to state a claim upon which relief can be granted. The motion asserted that Jacobsen's petition and amended petition failed to comply with Tax Ct. R. 34(b), which requires clear and concise assignments of error in the determination of deficiency or liability, raised frivolous and groundless arguments, and failed to allege any justiciable error

or facts in support of such errors. The Commissioner also notified Jacobsen that he would move for sanctions under 26 U.S.C. § 6673 if Jacobsen pursued his frivolous arguments. Considering the motion, the Tax Court ordered Jacobsen to file a proper amended petition to comply with Tax Ct. R. 34(b). Jacobsen filed a second amended petition in which he claimed to withdraw positions in the amended petition that "could be construed as a violation of [s]ection 6673." R., Doc. 7, at 2. He also alleged that he was not involved in any revenue taxable activities, that the Commissioner erred in determining that he was subject to federal income tax, and that the federal income tax is an excise tax on privileged activities. He also filed an objection to the Commissioner's motion to dismiss. The Commissioner then moved for sanctions under § 6673(a).

The Tax Court entered an order of dismissal and decision. It concluded Jacobsen's petition failed to comply with Tax Ct. R. 34 because it neither assigned error nor alleged facts in support of any justiciable claim. It dismissed the petition for failure to state a claim upon which relief can be granted, and sanctioned Jacobsen in the amount of $1,000 for making frivolous arguments. This appeal followed.

## II.    Discussion

"We review de novo the Tax Court's dismissals for failure to state a claim and apply the same standard as would a district court in the first instance." *Fox v. Comm'r*, 969 F.2d 951, 952 (10th Cir. 1992). Accordingly, we review factual issues under a clearly erroneous standard and legal questions de novo. *Lewis v. Comm'r,*

- 3 -

523 F.3d 1272, 1274 (10th Cir. 2008). We review Tax Court sanctions for abuse of discretion. *Id.*

Because Jacobsen proceeds pro se, we construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). As we understand Jacobsen's brief, he largely does not challenge the Tax Court's finding of a deficiency but instead challenges the Tax Court's imposition of sanctions, claiming that there is insufficient evidence that his second amended petition is frivolous or groundless. *See* Appellant's Br. at 2–3. He does so by arguing that the Tax Court's citation to case law in its order does not establish the frivolousness of his amended petition. We reject Jacobsen's challenge.

Under § 6673(a)(1), the Tax Court is authorized to impose sanctions up to $25,000 when a taxpayer's suit is instituted primarily for delay or the taxpayer's position is frivolous or groundless. The Tax Court considered Jacobsen's second amended petition and concluded that it contained "nothing but frivolous and groundless arguments." R., Doc. 13, at 2. And in imposing sanctions, it determined that Jacobsen's argument concerning the "alleged nontaxable status of his wages is frivolous and groundless." *Id.* at 3.

The Tax Court did not expressly enumerate and reject Jacobsen's specific claims. *See, e.g., Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (finding there is "no need to refute [similarly frivolous] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some

colorable merit"). But it is evident that Jacobsen's claims were properly dismissed. Jacobsen's position in his second amended petition that federal income tax is an excise tax imposed only on privileged activities has been rejected. *See Parker v. Comm'r*, 724 F.2d 469, 471–72 (5th Cir. 1984) (refuting allegation that the income tax is an excise tax applicable only against special privileges and finding Congress empowered to levy income tax against any source of income). Likewise, Jacobsen's claim that he has not been involved in any revenue taxable activities fails. As the Tax Court found, Jacobsen did not deny receiving wages as determined by his employer, and is a taxpayer obligated to pay federal income tax on his wages. *See* R., Doc. 13, at 2. Wages are properly taxable income. *See Charczuk v. Comm'r*, 771 F.2d 471, 472–73 (10th Cir. 1985); *see also United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991) ("All individuals . . . must pay federal income tax on their wages, regardless of whether they requested, obtained or exercised any privilege from the federal government." (internal quotation marks omitted)).

Accordingly, we agree with the Tax Court that Jacobsen's petition is frivolous and groundless. Arguments similar to Jacobsen's have previously been rejected. We therefore find no abuse of discretion in the Tax Court's imposition of sanctions.[1]

---

[1] We further note that Jacobsen's claim in his original petition and first amended petition that the term "United States," as defined in 26 U.S.C. § 3121(e)(2), includes only Puerto Rico, the Virgin Islands, Guam, and American Samoa, has also been refuted. *See Wnuck v. Comm'r*, 136 T.C. 498, 506–07 (2011).

Jacobsen also argues summarily that the Tax Court lacked subject-matter jurisdiction under the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, and the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a), because there is no claim or controversy within the Tax Court's jurisdiction to adjudicate. *See* Appellant's Br. at 5–6. Jacobsen's claim is meritless. Although federal courts lack jurisdiction under the Declaratory Judgment Act to issue declaratory relief with respect to federal taxes, Jacobsen does not request such relief and, therefore, the Act does not apply. Similarly, the Anti-Injunction Act, which prohibits suits for the purpose of restraining the assessment or collection of any tax, does not apply.

To the extent Jacobsen otherwise challenges the dismissal of his petition, we have reviewed the petition and conclude, as did the Tax Court, that it contains no valid challenges to the notice of deficiency and fails to specifically identify any errors related to the determination of his income tax deficiencies or liabilities.

### III.    Conclusion

The judgment of the United States Tax Court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

- 6 -