**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID G. PFLUM,

    Defendant - Appellant.

No. 17-3130
(D.C. No. 5:14-CR-40062-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

David G. Pflum, proceeding pro se[1], appeals the judgment entered against him after a jury convicted him of tax evasion and attempting to interfere with the administration of internal revenue laws. *See* 26 U.S.C. §§ 7201 & 7212(a). He was sentenced to five years' imprisonment and to pay more than $8 million in restitution. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Pflum's pro se pleadings. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013).

Mr. Pflum contends he is not obligated to pay taxes to the federal government. In his brief to this court, he states:

> The essence of this case is this Court's (1) dereliction of its duty to know, understand, and declare the law with respect to the controlling definition of the meaning of the word "United States," as legislated by Congress 26 U.S.C 7701(a)(9) and 28 U.S.C. 3002(15), and the United States Constitution. Article III Sect. 2, (2) denigration of Pflum for exclusive reliance on and usage of said controlling definition and meanings of all of Pflum's filings, (3) insistence that the Court, a court of *general* jurisdiction has authority to hear and decide cases in geographic area fixed by the Constitution exclusively for courts of *special* jurisdiction; specifically Pottawatomie County, Kansas.

Aplt. Br. 9-10 [sic throughout].

We have reviewed Mr. Pflum's brief and found no reasoned support for these arguments, which we conclude are utterly meritless. *See Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008) ("Such tax-protestor arguments have long been held to be lacking in legal merit and frivolous."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (listing tax-protestor arguments that courts have found "completely lacking in legal merit and patently frivolous").

The judgment of the district court is affirmed, and all pending motions, including Mr. Pflum's motions to dismiss and to release, are denied as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

2