**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES M. SIMONES, individually and as
Trustee of the Ancient of Days Trust,

    Defendant - Appellant,

and

JO ANN HARTMAN STOCKTON, as
Trustee of the Ancient of Days Trust;
BROOKY STOCKTON, as Trustee of the
Ancient of Days Trust; ADELINA
MONNET,

    Defendants.

No. 21-2110
(D.C. No. 1:20-CV-00795-PJK-SCY)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

James M. Simones, pro se, appeals the district court's summary judgment order in favor of the United States that reduced to judgment unpaid federal income tax and penalty assessments and foreclosed tax liens on three parcels of real property.[1]  The order also directed the post-judgment sale of the properties and how the proceeds should be disbursed.[2]  We liberally construe Mr. Simones's pro se brief and his filings below, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On appeal, Mr. Simones does not challenge the correctness of the summary judgment order; instead, he contends the district court erred in denying his motion to dismiss, which was premised on arguments that the court lacked jurisdiction and he was not subject to the federal income tax laws.  More specifically, Mr. Simones maintains that: (1) "the district court is not a judicial court . . . ordained and

---

[1] In addition to Mr. Simones, who was sued individually and as a trustee of the Ancient of Days Trust (Trust), the Government also named as defendants Jo Ann Hartman Stockton and Brooky Stockton, two trustees of the Trust, and Adelina Monnet, an individual who claimed an interest in one of the three parcels of real property.  Only Mr. Simones filed a notice of appeal. *See* R., Vol. 2 at 490-91. Additionally, this court denied Mr. Simones's pro se motion to add the Stocktons and Monnet as parties to the appeal.

[2] After Mr. Simones filed his notice of appeal, he filed a motion to set aside the summary judgment order.  The district court characterized this motion as requesting relief under Fed. R. Civ. P. 59(e) and 60 and denied it.  Because Mr. Simones did not file an amended notice of appeal, the order denying his motion to set aside the summary judgment order is not before this court on appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

2

established by Congress under Article III of the Constitution," Aplt. Opening Br. at 10-11; (2) he discharged his federal income tax obligations when he filed, served, and/or recorded: (a) a "Declaration of Revocation of Election to pay the Federal income tax," *id.* at 13; (b) an "Expatriation Act Document," *id.* at 14; and (c) various "Offer[s] of Tender," *id.* at 14-18; (3) the court lacked "jurisdiction in Torrance County New Mexico to deprive an American National of his private property," due to a flaw in the judge's oath of office, which omitted the requirement "of any duty of fidelity to the Constitution[,]" *id.* at 20, 22; and (4) as an American National living outside Washington, D.C., he can elect to forgo paying federal income taxes.[3]  The district court rejected these frivolous arguments, and so do we.

We review de novo issues of subject-matter jurisdiction.  *See Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993).  First, the district court correctly acknowledged that "federal district courts have original jurisdiction over 'any civil action arising under any Act of Congress providing for internal revenue,'" R., Vol. 2 at 29 (quoting 28 U.S.C. § 1340), "as well as 'all civil actions, suits or proceedings commenced by the United States,'" *id.* (quoting 28 U.S.C. § 1345).  "Moreover, [the

---

[3] Mr. Simones raises a fifth issue on appeal—whether he was denied due process. This argument incorrectly assumes this civil case was a criminal proceeding, where the government would be required to file formal charges and Mr. Simones would be entitled to a jury trial where he could "face his accuser(s)." Aplt. Opening Br. at 27.  Mr. Simones, however, did not advance this argument in the district court, so it is forfeited. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).  We have discretion to consider forfeited arguments under plain-error review. *Id.* at 1128.  But Mr. Simones has not argued that plain-error review applies, so we will consider the argument waived. *Id.* at 1130-31.

federal district] court has jurisdiction to issue orders and render judgments 'as may

be necessary or appropriate for the enforcement of the internal revenue laws.'" *Id.*

(quoting 26 U.S.C. § 7402(a)).

> Second, we agree with the district court that

>> the government has authority to bring this suit against [Mr. Simones] in order to recover the alleged . . . unpaid tax liabilities.  When a person is liable to pay a tax and refuses to pay after demand, the government can impose a lien "upon all property and rights to property . . . belonging to such person."

*Id.* (quoting 26 U.S.C. § 6321).

This court has previously addressed similar arguments to those made by

Mr. Simones, including:  (1) "the federal government's power to tax wages or to tax

individuals at all"; (2) whether "the authority of the United States is confined to the

District of Columbia"; and (3) whether "the income tax is voluntary." *Lonsdale v.*

*United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).  In each instance, we concluded

these arguments to be "completely lacking in legal merit and patently frivolous[.]"

*Id.* at 1448.  *See also United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007)

(declining to consider "hackneyed tax protestor refrain[s]" concerning the district

court's lack of jurisdiction).  "An appeal is frivolous when the result is obvious, or

the appellant's arguments of error are wholly without merit." *Ford v. Pryor*,

552 F.3d 1174, 1180 (10th Cir. 2008) (internal quotation marks omitted).  Here, as in

those cases, there is "no need to refute these arguments with somber reasoning and

copious citation of precedent [because] to do so might suggest that these arguments

have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984);

*see also United States v. Gutierrez*, 773 F. App'x 467, 468 n.2 (10th Cir. 2019);

*Jacobsen v. Comm'r*, 551 F. App'x 950, 952 (10th Cir. 2014); *Vandagriff v. Comm'r*,

486 F. App'x 722, 724 (10th Cir. 2012); *United States v. Wankel*, 475 F. App'x 273,

276 (10th Cir. 2012).[4]

The judgment of the district court is affirmed.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

[4] Although not precedential, we find the reasoning of the unpublished decisions cited in this opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1